UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF INDIANA
HAMMOND DIVISION

| | |
|---|---|
| LASANDRA NORMAN,           )<br>          Plaintiff,          )<br>                                          )<br>     v.                                  )      CAUSE NO.: 2:21-CV-350-JVB-JEM<br>                                          )<br>JUDGE THERESA L. SPRINGMANN, *et al.*,   )<br>          Defendants.         )   | |

**OPINION AND ORDER**

Plaintiff LaSandra Norman, who is litigating without a lawyer, filed a Complaint [DE 1] against 23 defendants. For the following reasons, the Court dismisses the Complaint and gives Norman the opportunity to file an amended complaint. *See Luevano v. Wal-Mart Stores, Inc.*, 722 F.3d 1014, 1023 (7th Cir. 2013) ("District courts must allow IFP plaintiffs leave to amend at least once in all circumstances in which such leave would be granted to fee-paying plaintiffs under Rule 15(a).").

A filing by an unrepresented party "is to be liberally construed, and a *pro se* complaint, however inartfully pleaded, must be held to less stringent standards than formal pleadings drafted by lawyers." *Erickson v. Pardus*, 551 U.S. 89, 94 (2007) (quotation marks and citations omitted). Nevertheless, pursuant to 28 U.S.C. § 1915(e)(2)(B), "the court shall dismiss the case at any time if the court determines that . . . (B) the action . . . (i) is frivolous or malicious; (ii) fails to state a claim on which relief may be granted; or (iii) seeks monetary relief against a defendant who is immune from such relief."

The standard for dismissing a complaint under § 1915(e)(2)(B)(ii) is the same standard as that for dismissing a complaint under Federal Rule of Civil Procedure 12(b)(6). *See Coleman v. Lab. & Indus. Rev. Comm'n of Wis.*, 860 F.3d 461, 468 (7th Cir. 2017). The purpose of a motion

to dismiss pursuant to Rule 12(b)(6) for failure to state a claim is to test the sufficiency of the pleading, not to decide the merits of the case. *See Gibson v. City of Chi.*, 910 F.2d 1510, 1520 (7th Cir. 1990). Federal Rule of Civil Procedure Rule 8(a)(2) provides that a complaint must contain "a short and plain statement of the claim showing that the pleader is entitled to relief." However, "recitals of the elements of a cause of action, supported by mere conclusory statements, do not suffice." *Ashcroft v. Iqbal*, 556 U.S. 661, 678 (2009) (citing *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 555 (2007)). As the Supreme Court has stated, "the tenet that a court must accept as true all of the allegations contained in a complaint is inapplicable to legal conclusions." *Id*. Rather, "a complaint must contain sufficient factual matter, accepted as true, to 'state a claim to relief that is plausible on its face.'" *Id*. (quoting *Twombly*, 550 U.S. at 570). A complaint is facially plausible if a court can reasonably infer from factual content in the pleading that the defendant is liable for the alleged wrongdoing. *Id*. (citing *Twombly*, 550 U.S. at 570).

Norman alleges that "[t]his court and several of its judges has been discriminating against Norman's effort to find justice" in cases she has filed in this judicial district. (Compl. 10, ECF No. 1). Specifically, Norman has named Judge Theresa L. Springmann, Judge Diane P. Wood, Judge William J. Bauer, and Judge Frank H. Easterbrook as defendants in this lawsuit. She also alleges that the judges are part of a conspiracy against her. *Id.* at 13. Part of this alleged conspiracy was not permitting oral argument in an appellate case in which she was a party. *Id.* Norman also alleges that "Judge Springmann failed to see the pyramid scheme going on" related to low-income housing in northwest Indiana and dismissed the case Norman brought regarding that alleged scheme. *Id.* at 11.

These allegations fail to state a claim because judges are absolutely immune for judicial actions, that is, actions taken by the judge in his or her judicial capacity. *See Stump v. Sparkman*,

435 U.S. 349, 362 (1978). Norman challenges the judges' actions during the course of the proceedings in the various cases she has filed. These actions are judicial and the judges have absolute immunity from suit, so the claims against Judges Springmann, Wood, Bauer, and Easterbrook are dismissed.

Norman, who also alleges that she is Beyoncé Knowles, asks for the tax returns filed by Knowles. The Court infers that this is a claim against the U.S. Department of the Treasury, which is listed as a defendant. Norman has filed lawsuits in federal court in both Indiana and Tennessee in which she alleges to be Knowles. *See Norman v. Black Ent. Television LLC*, 696 F. App'x 754, 755 (7th Cir. 2017) (noting the Tennessee cases in addition to the case on appeal from the Northern District of Indiana). The Court is entitled to look at this litigation history in determining that Norman's claims are implausible. *See Walton v. Walker*, 364 F. App'x 256, 258 (7th Cir. 2010); *see also Neitzke v. Williams*, 490 U.S. 319, 327-28 (1989) ("[T]he [*in forma pauperis*] statute accords judges . . . the unusual power to pierce the veil of the complaint's factual allegations and dismiss those claims whose factual contentions are clearly baseless. . . . Examples . . . are claims describing fantastic or delusional scenarios."). Simply put, Ms. LaSandra Norman is not Ms. Beyoncé Knowles-Carter, and claims based on this false premise are implausible and do not pass the standard of Rule 12(b)(6) as clarified in *Twombly* and *Iqbal*.

Norman alleges that attorneys have refused to represent her, but there is no constitutional or statutory right to an attorney in federal civil litigation. *Farmer v. Haas*, 990 F.2d 319, 323 (7th Cir. 1993). Normal has failed to state a claim on which relief can be granted regarding her lack of representation.

Norman makes no allegations about the other defendants specifically, and therefore has failed to make a short and plain statement showing that she is entitled to relief against those defendants. *See* Fed. R. Civ. P. 8(a)(2).

Finally, the relief Norman requests also shows that her complaint fails to state a claim on which relief can be granted. Norman asks that the defendants "be indicted on federal conspiracy charges, abuse of powers, cover-ups, a section 8 pyramid scheme, failure to give civil cases [their] due process, violating the oath taken to defend the constitution against both foreigners [*sic*] and domestic crimes and more." (Compl. 11, ECF No. 1). The Court is not able to provide the relief of securing criminal indictments against defendants in civil litigation. *See United States v. Giannattasio*, 979 F.2d 98, 100 (7th Cir. 1992) ("A judge in our system does not have the authority to tell prosecutors which crimes to prosecute or when to prosecute them.").

## CONCLUSION

For the reasons stated above, the Court hereby **DISMISSES** the Complaint [DE 1]. Plaintiff may file an amended complaint **on or before December 10, 2021**.

SO ORDERED on November 15, 2021.

s/ Joseph S. Van Bokkelen<br>
JOSEPH S. VAN BOKKELEN, JUDGE<br>
UNITED STATES DISTRICT COURT