UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF INDIANA
HAMMOND DIVISION

| | |
|---|---|
| LASANDRA NORMAN,<br>　　　　Plaintiff,<br><br>　　v.<br><br>NORTHWEST INDIANA (SECTION 8),<br>STATE OF INDIANA,<br>INTERNAL REVENUE SERVICE, AND<br>UNITED STATES OF AMERICA,<br>　　　　Defendants. | )<br>)<br>)<br>)  CAUSE NO.: 2:21-CV-350-JVB-JEM<br>)<br>)<br>)<br>)<br>)<br>) |

**OPINION AND ORDER**

Plaintiff LaSandra Norman, who is litigating without a lawyer, filed an Amended Complaint [DE 6] against 4 defendants. For the following reasons, the Court dismisses the Amended Complaint with prejudice.

A filing by an unrepresented party "is to be liberally construed, and a *pro se* complaint, however inartfully pleaded, must be held to less stringent standards than formal pleadings drafted by lawyers." *Erickson v. Pardus*, 551 U.S. 89, 94 (2007) (quotation marks and citations omitted). Nevertheless, pursuant to 28 U.S.C. § 1915(e)(2)(B), "the court shall dismiss the case at any time if the court determines that . . . (B) the action . . . (i) is frivolous or malicious; (ii) fails to state a claim on which relief may be granted; or (iii) seeks monetary relief against a defendant who is immune from such relief."

The standard for dismissing a complaint under § 1915(e)(2)(B)(ii) is the same standard as that for dismissing a complaint under Federal Rule of Civil Procedure 12(b)(6). *See Coleman v. Lab. & Indus. Rev. Comm'n of Wis.*, 860 F.3d 461, 468 (7th Cir. 2017). The purpose of a motion to dismiss pursuant to Rule 12(b)(6) for failure to state a claim is to test the sufficiency of the

pleading, not to decide the merits of the case. *See Gibson v. City of Chi.*, 910 F.2d 1510, 1520 (7th Cir. 1990). Federal Rule of Civil Procedure Rule 8(a)(2) provides that a complaint must contain "a short and plain statement of the claim showing that the pleader is entitled to relief." However, "recitals of the elements of a cause of action, supported by mere conclusory statements, do not suffice." *Ashcroft v. Iqbal*, 556 U.S. 661, 678 (2009) (citing *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 555 (2007)). As the Supreme Court has stated, "the tenet that a court must accept as true all of the allegations contained in a complaint is inapplicable to legal conclusions." *Id*. Rather, "a complaint must contain sufficient factual matter, accepted as true, to 'state a claim to relief that is plausible on its face.'" *Id*. (quoting *Twombly*, 550 U.S. at 570). A complaint is facially plausible if a court can reasonably infer from factual content in the pleading that the defendant is liable for the alleged wrongdoing. *Id*. (citing *Twombly*, 550 U.S. at 570).

As an initial matter, the only defendants in this case are Northwest Indiana (Section 8), the State of Indiana, the Internal Revenue Service, and the United States of America. Though Ms. Norman makes allegations against others in the text of her pleading, only the four defendants above were listed in the title of the complaint, and "[t]he title of the complaint must name all the parties." Fed. R. Civ. P. 10(a); *see also Patmythes v. City of Madison*, 856 F. App'x 623, 625 (7th Cir. 2021) ("[P]ro se litigants are not excused from compliance with procedural rules." (quoting *Pearle Vision, Inc. v. Room*, 541 F.3d 751, 758 (7th Cir. 2008))).

There are two main sets of allegations in Ms. Norman's Amended Complaint: allegations regarding her residence and eviction, and allegations regarding her belief that she is celebrity Beyoncé Knowles-Carter. The Court will address these allegations separately before turning to the remaining miscellaneous allegations.

**A. Ms. Norman's Residence and Eviction**

Ms. Norman alleges that she was discriminated against in violation of the Fair Housing Act. (Am. Compl. 1, ECF No. 6). She alleges a "racist coalition against African American women and children here in Indiana that are on section 8, which allows whites and foreigners to own the properties that blacks live in." *Id.* at 2. Ms. Norman alleges that she was evicted without due process of law for unpaid rent and was terminated from the government-funded Section 8 program because she refused to "go along" with intentional racial discrimination. *Id.* at 3. She alleges "[t]he agency and its employees would collectively discriminate against Norman/Knowles intentionally because of her race and gender." *Id.* She also alleges that she is homeless despite paying $150,000 in rental payments over 11 years "because of white power and greed due to the all mighty dollar." *Id.* at 4.

She takes issue with paying rent to landlords who themselves had mortgages on the leased property. *Id.* at 5. Plaintiff argues that Section 8 tricked her by thinking they were helping her when, in fact, they were extorting money from her and allowing "whites and foreigners" to own the property. *Id.* at 7. Plaintiff argues that her rent money could have been used to buy property instead of rent it but "racism and betrayal" by "the wicked people of power" prevented her from doing so. *Id.*

These allegations are barred by the doctrine of res judicata, which prohibits a party from relitigating claims that were previously dismissed with prejudice. *Czarniecki v. City of Chicago*, 633 F.3d 545, 548 (7th Cir. 2011). Res judicata "has three ingredients: a final decision in the first suit; a dispute arising from the same transaction (identified by its 'operative facts'); and the same litigants (directly or through privity of interest)." *Id.* (quotation omitted).

The prior lawsuit is cause number 2:21-CV-158-TLS-JEM in this Court. In that lawsuit, Judge Theresa Springmann dismissed Ms. Norman's Second Amended Complaint with prejudice on September 24, 2021. The Second Amended Complaint involved the same operative facts at issue in Ms. Norman's allegations regarding her eviction here. She alleges in both pleadings that Section 8 unfairly terminated her lease and that the lease payments were improper because the payments paid the homeowner's mortgage. She also alleges that Section 8's actions were discriminatory. From context, it is clear that "Northwest Indiana CA Section 8," a defendant in the prior lawsuit, is the same entity as the defendant here named as "Northwest Indiana (Section 8)" and against whom these allegations are lodged.

Thus, all three elements of res judicata are met. Ms. Norman is not allowed to relitigate those claims by filing a new lawsuit. *See Gleash v. Yuswak*, 308 F.3d 758, 760 (7th Cir. 2002) ("In civil litigation, the final resolution of one suit is conclusive in a successor [suit], whether or not that decision was correct. If Gleash wanted to contest the validity of the district judge's decision—either on the merits or on the ground that he should have been allowed to re-plead—he had to appeal."). Claims against Defendant Northwest Indiana (Section 8) are dismissed.

### B. Ms. Norman's Identity

Ms. Norman alleges that the IRS conspired against her regarding garnishment of her purported revenue for her contribution to music and failing to respond to her claim that she is celebrity Beyoncé Knowles-Carter. (Am. Compl. 1, ECF No. 6). Ms. Norman contends that the conspiracy was because of her sex and gender. *Id.* at 3. She states that she wants to know where the $7 billion in revenue generated by Ms. Knowles-Carter is. *Id.* at 7.

Ms. Norman asserts that "[t]he United States of America MUST understand for once and for all, that Norman/Knowles is the sole owner and producer, writer, and maker of all things

4

Beyonce Knowles including copyrights. This is not debatable." *Id.* at 3. She insists on the United States of America giving her money that she believes she is owed. *Id.* at 5. Ms. Norman alleges that the United States has allowed her to be mistreated by those who deny that she is Beyoncé Knowles-Carter. *Id.* at 8.

Ms. Norman states that she brings a federal conspiracy claim against the United States "for covering up the where abouts and tax returns of said rapper Shawn Cater [*sic*] and Beyonc'e Knowles [*sic*] as it is related to public knowledge and daily media coverage." *Id.* at 1.

Ms. Norman has filed lawsuits in federal court in both Indiana and Tennessee in which she alleges to be Ms. Knowles-Carter. *See Norman v. Black Ent. Television LLC*, 696 F. App'x 754, 755 (7th Cir. 2017) (noting the Tennessee cases in addition to the case on appeal from the Northern District of Indiana). The Court is entitled to look at this litigation history in determining that Ms. Norman's claims are implausible. *See Walton v. Walker*, 364 F. App'x 256, 258 (7th Cir. 2010); *see also Neitzke v. Williams*, 490 U.S. 319, 327-28 (1989) ("[T]he [*in forma pauperis*] statute accords judges . . . the unusual power to pierce the veil of the complaint's factual allegations and dismiss those claims whose factual contentions are clearly baseless. . . . Examples . . . are claims describing fantastic or delusional scenarios."). The Court addressed this allegation in its previous order in this case dismissing the original Complaint. It is still true, as it was then, that Ms. LaSandra Norman is not Ms. Beyoncé Knowles-Carter, and claims based on this false premise are implausible and do not pass the standard of Rule 12(b)(6) as clarified in *Twombly* and *Iqbal*. Therefore, all claims based on these allegations are dismissed.

### C. Miscellaneous Other Allegations

Norman alleges that the State of Indiana has mistreated and discriminated against African Americans and that government officials have used their positions to "advance the white race" and

5

deny equal opportunity to African American Hoosiers. (Am. Compl. 3, ECF No. 6). She also alleges that Indiana has locked her out of her home because the house was sold. *Id.* at 4. Regarding the allegation of abuse of power to achieve white supremacy goals, Ms. Norman has not stated a claim, as she has not provided enough factual matter "to raise a right to relief above the speculative level." *Twombly*, 550 U.S. at 555. The allegation of the state locking her out of her home because the house was sold also does not state a claim. To the extent Ms. Norman is attempting to bring a claim of wrongful eviction, she had not alleged a landlord-tenant relationship between her and the State of Indiana, which is necessary for the state law tort claim of wrongful eviction. *Allstate Ins. Co. v. Dana Corp.*, 759 N.E.2d 1049, 1056 (Ind.2001). Further, to the extent that the alleged actions by the State of Indiana were performed by the Section 8 agency, those claims are barred by res judicata as detailed above.

Ms. Norman also alleged that "[t]his court allowed to [*sic*] white police officer to sexually assault this women and immune the evil parties without question." (Am. Compl. 5, ECF No. 6). Norman also alleges that this is the subject of another lawsuit. *Id.* at 8. It appears that the lawsuit at issue is cause number 2:18-CV-204-PPS-JEM in this Court. Essentially, Ms. Norman's argument is that Judge Philip Simon erred by setting aside an entry of default. However, the Seventh Circuit Court of Appeals affirmed Judge Simon's judicial actions of setting aside the entry of default and ultimately dismissing the case. *Norman v. City of Lake Station*, 845 F. App'x 459, 460 (7th Cir. 2021). The proper place for Ms. Norman to raise this argument was on appeal or, after the appeal, in a petition for the Supreme Court to take up her case. Ms. Norman may not seek to overturn the outcome of this previous case through argument to the Court in the present case.

Ms. Norman notes that she is a federal taxpayer and appears to assert that this gives her some ability to bring grievances about governmental abuses of power undertaken to advance white

6

supremacy. The exact contours of her argument are unclear, but in any event, "the payment of taxes is generally not enough to establish standing to challenge an action taken by the Federal Government." *Hein v. Freedom From Religion Found., Inc.*, 551 U.S. 587, 593 (2007).

Ms. Norman notes that she wants a jury trial on her claims pursuant to Federal Rule of Civil Procedure 38. This rule provides that, by making a jury demand, a party can receive a trial "[o]n any issue triable of right by a jury." Fed. R. Civ. P. 38(b). The problem for Ms. Norman is that there is no issue here that is triable of right by a jury because she has not stated a claim that can move forward. There is no issue here for a jury to decide. If there were one, she has demanded a jury and would be entitled to a jury trial on that issue.

### D. Dismissal with Prejudice

Ms. Norman has already had one opportunity to amend her complaint. None of the allegations made here appear to be the kind of allegations that could be remedied by allowing Ms. Norman another chance to amend her complaint. Therefore, the Court will dismiss the Amended Complaint with prejudice. *See Denton v. Hernandez*, 504 U.S. 25, 34 (1992).

### CONCLUSION

For the reasons stated above, the Court hereby **ORDERS** that Plaintiff LaSandra Norman's Amended Complaint [DE 6] is **DISMISSED with prejudice**.

SO ORDERED on December 15, 2021.

s/ Joseph S. Van Bokkelen
JOSEPH S. VAN BOKKELEN, JUDGE
UNITED STATES DISTRICT COURT
